Pruett v. Robison, 108 Texas, 283, 192 S. W., 137. What was thus decided applies with even greater force to the Act of 1921 in a case such as the one at bar.

This case does not involve the right of a person not claiming under the State; nor that of one who claims by prior right under the State but whose claim has been illegally forfeited; and it does not involve a defense by one not recognized by the State as a claimant through the period for contest; nor in behalf of one presenting an excuse or exception, if any there may be, from the operation of the statutes by which it is ruled; and nothing is here expressed or intimated upon those or similar situations.

In the opinion of this court the petition for mandamus should be denied.

Opinion of Commission of Appeals is adopted and mandamus is denied.

*Thos. B. Greenwood,* Associate Justice.
*William Pierson,* Associate Justice.

# APRIL, 1925.

W. T. GARRETT v. J. T. ROBISON, COMMISSIONER OF THE GENERAL LAND OFFICE, ET AL.

No. 4220. Decided April 1, 1925.

(270 S. W. 1114.)

J. C. MAXWELL v. J. T. ROBISON, COMMISSIONER OF THE GENERAL LAND OFFICE ET AL.

No. 4421. Decided April 1, 1925.

(270 S. W., 1115.)

N. A. MOORE v. J. T. ROBISON, COMMISSIONER OF THE GENERAL LAND OFFICE ET AL.

No. 4222. Decided April 1, 1925.

(270 S. W., 1115.)

**Mandamus.**

The Commissioner of the General Land Office having, in deference to the ruling of the Supreme Court on the question here involved, (Weaver v.